4UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUSTIN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-03915-SEB-DML |
| ) | |
| MADISON COUNTY CORRECTIONAL ) | |
| COMPLEX, ) | |
| SECURITY CHIEF MASON BRIZINDINE, ) | |
| SHERIFF SCOTT C. MELLINGER, ) | |
| CRAIG JACKSON Correctional Officer, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting *In Forma Pauperis* Status,
Screening Complaint, Dismissing Certain Defendants,
And Directing Issuance and Service of Process**

**I. *In Forma Pauperis* Status**

Plaintiff Dustin Smith's second motion for leave to proceed *in forma pauperis*, dkt. [7], is **granted**. The assessment of even an initial partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Screening of the Complaint**

A.    Legal Standard

Dustin Smith is an inmate in the Madison County Correctional Complex in Anderson, Indiana. Because he is a prisoner, the complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within

a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

    B.   Plaintiff's Contentions – Amended Complaint filed November 9, 2017

    The amended complaint is titled "Civil Rights Complaint" pursuant to "42 U.S.C. § 1983." Plaintiff contends that on July 13, 2017, while he was an inmate in the Madison County Correctional Complex, defendant Correctional Officer Craig Jackson ordered him to remove an imbedded staple from an electrical socket using a pair of scissors. He contends that the electricity had not been turned off, and that he suffered severe pain from being shocked and has lost feeling in his left hand.

The complaint also presents a negligence claim against Sheriff Scott C. Mellinger and Chief of Security Mason Brizindine because they had not ensured the electricity was turned off prior to Officer Jackson ordering plaintiff to remove the staple. Finally, plaintiff also asserts a deliberate indifference to his serious medical needs claim against Jackson, Mellinger, and Brizindine for failing to take him to the hospital after he was shocked.

C. Discussion

Plaintiff's Eighth Amendment cruel and unusual punishment claim against Officer Jackson, for causing plaintiff to suffer an electrical shock, shall **proceed**. The Eighth Amendment claim of deliberate indifference to plaintiff's serious medical needs against Officer Jackson for not having plaintiff's electrical shock treated shall also **proceed**.

The claim against Security Chief Brizindine for negligence for not ensuring the electricity to the outlet was turned off is **dismissed** because this appears to be a claim based on Brizindine's supervisory role. No facts are plead from which the Court can infer that Brizindine had personal involvement in the incident. Liability under Section 1983 requires each defendant to be personally involved in the alleged constitutional violation. Vicarious or *respondeat superior* liability claims are not cognizable in Section 1983 actions. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see also Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted).

The only allegation against Sheriff Mellinger is that he failed to have plaintiff taken to the hospital after plaintiff was shocked. The same allegation is made against Security Chief Brizindine. This claim also appears to be based on Mellinger and Brizindine's supervisory roles as no personal involvement in the incident is plead or can be inferred from the complaint. Because there is no

vicarious or respondeat superior liability in Section 1983 actions, this claim is **dismissed**. *Minix*, 597 F.3d at 833.

The Madison County Correctional Complex is named as a defendant. However, it is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (county jail not a suable entity). It is **dismissed** from this action, and **the clerk is directed** to terminate the Madison County Correctional Complex as a defendant.

D. Summary

The clerk is **directed to update the docket** to reflect Officer Craig Jackson as the only defendant, and the dismissal of defendants Madison County Correctional Complex, Sheriff Scott C. Mellinger, and Chief Security Officer Mason Brizindine.

The two claims against Officer Craig Jackson identified above are the only viable claims the Court can discern from the amended complaint. Should plaintiff believe the Court has overlooked a claim or defendant, he shall notify the Court no later than **December 22, 2017**.

### III. Obligation to Update Address

The Court must be able to communicate with pro se parties through the United States mail. Plaintiff shall report any change of address to the Court, in writing, within ten days of any change. The failure to keep the Court informed of a current mailing address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

### IV. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Officer Craig Jackson in the manner specified by Rule 4(d). Process shall consist of the complaint,

dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED**.

Date: 11/17/2017

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Dustin Smith
Madison County Correctional Complex
125 Jackson Street
Anderson, IN 46016

Officer Craig Jackson
Madison County Correctional Complex
125 Jackson Street
Anderson, IN 46016