UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUSTIN SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-03915-SEB-DML |
| CRAIG JACKSON, Correctional Officer, | ) ) ) |
| Defendant. | ) |

**Entry Granting Motion to Amend Complaint,
Screening Second Amended Complaint, Adding Defendants,
Directing Issuance and Service of Process, and
Denying Motion for Appointment of Counsel**

Plaintiff Dustin Smith seeks leave to file a second amended complaint and add defendants to this action. He also seeks appointment of counsel. The motion to file a second amended complaint, dkt. [23], is **granted**. The **clerk is directed** to file the tendered pleading, dkt. 23-1, as the second amended complaint. It is now subject to screening pursuant to 28 U.S.C. § 1915A. In addition, for the reasons explained below, Mr. Smith's second motion for appointment of counsel, dkt. [24], is **denied** without prejudice.

**I. Screening of the Amended Complaint**

A. Legal Standard

Because plaintiff is a prisoner, his second amended complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the

pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (internal quotation omitted). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

B. Plaintiff's Second Amended Complaint

Mr. Smith seeks to add as additional defendants (1) Correctional Officer Wilson, (2) Ann Roberts, the Executive Director of the Madison County Correctional Complex, (3) S and R Medical, (4) the Madison County Correctional Complex, and (5) Nurse Leslie. His amended complaint named several defendants, but on screening was allowed to proceed against only one defendant, Officer Craig Jackson, on an Eighth Amendment claim for requiring Mr. Smith to remove a staple from an electrical outlet which shocked him.

Mr. Smith now wishes to add Officer Wilson because Wilson allegedly retrieved, at Officer Jackson's direction, a pair of scissors which Mr. Smith then used to try to remove the staple from the electrical outlet. Mr. Smith's Eighth Amendment claim **shall proceed** against Officer Wilson.

Mr. Smith also asserts that the day after his electrical shock he saw Nurse Leslie, complaining of severe pain and a loss of feeling in his pinky finger. Nurse Leslie refused to send him to the hospital to be screened by a doctor and treated for electrical shock. He contends that Nurse Leslie was deliberately indifferent to his serious medical needs. This Eighth Amendment claim against Nurse Leslie **shall proceed**.

Ann Roberts, identified by Mr. Smith as the Executive Director of the jail, and the jail itself – the Madison County Correctional Complex – are named as defendants because "through their policies" they caused Officer Jackson and Nurse Leslie to be deliberately indifferent to his serious medical needs. Mr. Smith asserts that these policies prevented Officer Jackson and Nurse Leslie from immediately transporting Mr. Smith to a hospital for screening and treatment for his electrical shock.

Mr. Smith asserts that Ann Roberts writes the jail's policies. He identifies her in Section B of his second amended complaint as the "Executive Director/Policy Writer" of the facility. Mr. Smith asserts that the jail has a policy of not allowing inmates to see a medical provider until they have filled out a form, despite the severity of their condition. He also asserts that pursuant to the policies, inmate sick call is limited to once per week, and that inmates cannot be treated at a hospital until they have been screened by medical. The result of these policies, he contends, is that he has suffered extreme and severe pain without being seen by a nurse or doctor, and he has lost feeling in his pinky finger. Plaintiff's assertions, as they state a policy claim, **shall proceed** against Ann Roberts.

The Madison County Correctional Complex was originally named a defendant in Mr. Smith's original complaint. It was dismissed for reasons explained in the screening Entry of

November 17, 2017. It is still not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). It is again **dismissed** from this action.

S and R Medical is named in the caption and identified in the amended complaint. Otherwise, it is not discussed and no allegations are made against it. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994) (district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution). The complaint is **dismissed** as to S and R Medical.

In summary, Mr. Smith's constitutional claims against Officer Jackson, Officer Wilson, Nurse Leslie, and Ann Roberts **shall proceed**. The second amended complaint is **dismissed** as to defendants S and R Medical and the Madison County Correctional Complex. The second amended complaint shall be the operative complaint.

## II. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Correctional Officer Wilson, (2) Nurse Leslie, and 3) Ann Roberts in the manner specified by Rule 4(d). Process shall consist of the amended complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry. Officer Jackson has already been served, has appeared, and is represented by counsel.

## III. Motion for Assistance with Recruiting Counsel

Mr. Smith has renewed his motion for assistance with recruiting counsel. He has contacted four attorneys and one has written back to him declining help. Mr. Smith advises he has ADHD, a

tenth grade education, and does not read well. He has received assistance from another jail inmate in preparing the papers for this action.

The Court notes that Mr. Smith has aggressively pursued his claims, met deadlines, and filed numerous motions. The issues appear at this stage to be straightforward and uncomplicated. Mr. Smith has been granted leave to file a second amended complaint. He writes in complete sentences in legible handwriting and appears to understand the Court's orders. He appears capable and competent of prosecuting this action on his own at the present time.

Additionally, new defendants have now been added but have yet to answer. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013).

Plaintiff should continue his efforts to recruit counsel on his own. While contacting four attorneys is some effort, plaintiff must continue those efforts in order to make a reasonable effort to find counsel. Litigants requesting that counsel be recruited must first show that they made a reasonable attempt to secure private counsel. *Gil v. Reed,* 381 F.3d 649, 656 (7th Cir. 2004); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas,* 990 F.2d 319, 321 (7th Cir. 1993).

As noted at the beginning of this Entry, the motion for assistance in recruiting counsel, dkt. [24], is **denied** without prejudice.

### IV. Pretrial Schedule

A pretrial schedule was entered December 20, 2017. After the defendants added by this Entry have appeared and answered, if a revision to the schedule is necessary, they should move for appropriate revisions at their earliest opportunity.

## V. Obligation to Update Address

The Court must be able to communicate with pro se parties through the United States mail. Plaintiff remains under an obligation to report any change of address to the Court, in writing, within ten days of any change. The failure to keep the Court informed of a current mailing address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED**.

Date: _____1/19/2018_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Dustin Smith
Madison County Correctional Complex
125 Jackson Street
Anderson, IN 46016

Electronically Registered Counsel

Correctional Officer Wilson
Madison County Correctional Complex
125 Jackson Street
Anderson, IN 46016

Nurse Leslie
Medical Provider
Madison County Correctional Complex
125 Jackson Street
Anderson, IN 46016

Ann Roberts
Madison County Correctional Complex
125 Jackson Street
Anderson, IN 46016